IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLEVERLAND MCGOWAN                                                                    PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 1:02cv766WJG-JMR

AARON JAGERS                                                                              DEFENDANT

O R D E R

     This cause is before the Court on the motion [26-1] of Paintiff Cleverland McGowan for relief from judgment entered by the Court on September 29, 2003, which dismissed the plaintiff's initial 28 U.S.C. § 2254 *habeas* petition as time barred. (Ct. R., Doc. 17.) Specifically, McGowan asserts that his "convictions and sentences are legally void, where the justice court lacked proper jurisdiction to bound him over to the grand jury, and therefore, making his indictment invalid," thus entitling McGowan to relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure. (Ct. R., Doc. 25, p. 3.)

     At the outset, the Court must determine whether McGowan's motion should be treated as a legitimate Rule 60 motion or as a successive *habeas* petition pursuant to 28 U.S.C. § 2244(b). The Fifth Circuit has plainly held that a Rule 60 motion that seeks to set aside the prisoner's conviction should be treated as a successive *habeas* petition. *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999); *United Stated v. Rich*, 141 F.3d 550, 551-53 (5th Cir. 1998). Clearly, McGowan seeks to set aside his conviction by arguing that the state justice court lacked jurisdiction, due to improper indictment, to bound him over to the grand jury, which failure

deprived the circuit court of its jurisdiction to try him.  (Ct. R., Doc. 25.)  Therefore, McGowan's Rule 60 motion must be treated as a successive petition pursuant to section 2244(b).

As a successive petition, McGowan's claims must be dismissed for two reasons:  (1) McGowan failed to move the Fifth Circuit for permission to file his successive petition in this Court as required by section 2244(b)(3)(A); and (2) McGowan's instant petition presents the same claim as was argued in his original petition in violation of section 2244(b)(1).  For these reasons, McGowan's claim must be dismissed.

Even if the Court considered the instant motion pursuant to Rule 60(b)(4), McGowan's claim must still be dismissed.  Rule 60(b)(4) provides that a court may relieve a party from a final judgment if "the judgment is void."  FED. R. CIV. P. 60(b)(4).  McGowan seeks relief from this Court's prior judgment by arguing, not that this Court's judgment is void, but that the original state court judgment is void.  McGowan, however, does not contest this Court's jurisdiction or assert that this Court acted in a manner inconsistent with due process of law.  Because this Court's judgment is not void, Rule 60(b)(4) is not the proper mechanism for seeking relief from this Court's prior judgment.  The Court therefore finds McGowan's claim should be dismissed.  *U. S. Fidelity & Guar. Co. v. Leslie Locke Corp.*, No. Civ. A. 3:94CV3-D-D, 1996 WL 671414, at *1 (N.D. Miss. Nov. 4, 1996) (Davidson, J.).

For the reasons stated herein, the Court finds that Plaintiff's motion for relief from judgment should be denied, and this action should be dismissed with prejudice.  It is, therefore,

ORDERED AND ADJUDGED that the plaintiff's motion for relief from judgment [26-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the above entitled action be, and is hereby, dismissed with prejudice. It is further,

ORDERED AND ADJUDGED that Defendant's motion [25-1] to proceed *in forma pauperis* be, and is hereby, denied as moot. It is further,

ORDERED AND ADJUDGED that each party bear their respective costs in connection with this motion.

SO ORDERED this the 23rd day of June, 2006.

*Walter J. Gex III*<br>UNITED STATES SENIOR DISTRICT JUDGE